IMPORTERS' & TRADERS' BANK *et al. v.* FEUCHTWANGER *et al.*

(*Supreme Court, Special Term, New York County.* February, 1889.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—RECOVERY FROM PREFERRED CREDITOR.

A complaint by a general creditor of a debtor against a preferred creditor, who has been paid his debt under an assignment since declared fraudulent, should be so definite as not to leave it uncertain whether plaintiff proceeds on the theory that he may recover though defendant's claim was just, and though the payment was made before the assignment was attacked by plaintiff, or on the theory that money paid the preferred creditor pending an action to set aside the assignment may be recovered after the successful termination of the action.

Action by the Importers' & Traders' Bank and others against Feuchtwanger and others, to recover money received by defendants by means of a preference given them in an assignment for the benefit of creditors, made by judgment debtors of plaintiffs, and which assignment was judicially declared void. It was alleged that the assignment was executed September 24, 1883, and that defendants, being preferred creditors, were paid certain sums under such preference. In June, 1885, a decree was rendered setting aside

the assignment for fraud; the actions in which such decree and other similar decrees at the instance of other creditors were rendered having been begun before defendants were paid the sums mentioned. Defendants were aware of the pendency of the actions when they received such sums, and also knew that the assignment was fraudulent. The complaint prayed that the defendants be required to pay over the money received by them to a receiver, and for other relief. Defendants moved to make the complaint more definite and certain by stating the dates at which plaintiffs' executions on their judgments were returned unsatisfied, by showing in what year or years the alleged payments to defendants were made, by alleging the date of plaintiffs' action to set aside the assignment. They moved also to strike out the allegations concerning the institution of actions by other creditors to set aside the assignment, or to make the allegation more definite and certain by stating what actions were referred to, and the date thereof. Similar motions were made as to the allegations that defendants knew, when they received the payments mentioned, of the pendency of the actions, and that defendants knew of the fraudulent character of the assignment. The motion asked that the facts upon which such allegation was based might be set out definitely.

*Blumenstiel & Hirsch*, for plaintiffs.   *Martin & Smith*, for defendants.

O'BRIEN, J.   Upon an examination of the questions presented upon this motion, I am inclined to adopt the suggestion made upon the argument that that portion of the motion which seeks to strike out certain portions of the complaint as irrelevant and redundant should be denied, and that portion of the motion which seeks to make the allegations in the complaint more definite and certain should be granted. The reason for this latter view is apparent when we consider that, as the complaint is now drawn, it will be difficult to determine upon which one of two theories the complainants rely. This action, like many similar to it, recently brought, seeks to recover from preferred creditors, who have been paid their claims under an assignment, the amount so paid them after the assignment itself has been set aside as fraudulent and void. One ground relied upon is that creditors, though their claims are perfectly just, are liable to refund, in case the assignment is afterwards set aside, though such payments were made before plaintiff made any attack upon the assignment. A second and different theory is that a payment made and received, after a creditor has actually begun suit, may be recalled by that particular creditor in case he succeeds in the suit. The complaint, therefore, should be sufficiently definite, so that from the reading thereof it can be made manifest upon which theory the plaintiff relies. The allegation that the defendants knew the assignment to have been fraudulent is too indefinite. Without, therefore, commenting on each allegation in the complaint to which objection has been made, it seems proper, in view of the importance and novelty of the legal questions here involved, that all the facts showing the creditors' right to recover should be definitely alleged. The motion, therefore, to the extent indicated, is granted.